IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARVICE ROBINSON, # 88614, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-722-SMY |
| | ) |
| MADISON COUNTY JAIL, | ) |
| GARY BOST, | ) |
| and DANA RANDOLPH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for case management. Plaintiff filed this action on July 2, 2015, claiming that while he was a pretrial detainee at the Madison County Jail, he was made to strip down in the day room in the presence of other inmates, and that his cellmate (Defendant Randolph) later sexually assaulted him (Doc. 1). Plaintiff did not pay the $400.00 filing fee for this civil case, nor did he submit a motion for leave to proceed *in forma pauperis* ("IFP"), which would have entitled him to pay the fee in installments.

On July 2, 2015, the Clerk sent Plaintiff a letter explaining the filing fee requirements, in which he was given a 30-day deadline to either pay the fee in full, or file a motion for leave to proceed IFP (Doc. 2). A blank form IFP motion was enclosed with the letter. Plaintiff was warned that if he did not take one of these two actions within 30 days, his case would be dismissed.

Plaintiff's August 3, 2015, deadline has come and gone, and Plaintiff has failed to respond in any way. This action is therefore subject to dismissal for failure to prosecute. A

dismissal for failure to prosecute is presumptively a dismissal with prejudice. *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997). However, in this case, Plaintiff has not engaged in any dilatory or contumacious course of conduct. He has failed to respond to a single letter from the Clerk directing him to take a necessary action. Accordingly, while dismissal is warranted for Plaintiff's failure to act, the harsh sanction of a dismissal with prejudice is not.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED without prejudice, and with leave to reinstate.** FED. R. CIV. P. 41(b). Any motion seeking to reinstate this case must be accompanied by payment of the full $400.00 filing fee, or with a motion for leave to proceed IFP including Plaintiff's inmate trust fund statements for the 6 months prior to the filing of this case.

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

This dismissal shall not count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A separate order shall be entered to direct the institutional trust fund officer to collect payment from Plaintiff's inmate account in accordance with 28 U.S.C. § 1915(b).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.

*See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: August 17, 2015**

s/ STACI M. YANDLE<br>
United States District Judge